The opinion of the Court was delivered by
Wakdlaw, J.
Words so unequivocal, as to be incapable of any other interpretation, would be required to show a matter so unreasonable, as that a landlord who, by a lease for years, had transferred to a tenant the exclusive enjoyment and care of a house for a term, should during the term be liable for the tenant’s negligence in respect to the house. If the ordinance in question has, under the word owner, subjected a landlord, who has leased for a term, to this liability, it might be asked, what would be the rule in the case of a life estate-Looking through the ordinance we see a penalty, in the case of a slave chimney-sweeper, cast upon “ his owner or the person having the care and management of him.” If a boy slave was hired for a year, and the bailee employed him in chimney sweeping, it would not, we think, occur to any one to suppose that the bailor, as owner, could be made subject to the penalty. In the analogous case which we are considering, it appears to us that the city ordinance by the alternative, owner or occupier, intended to provide that the owner should be liable, if he occupied personally, or by agent, or servant, or guest: but that the occupant should be liable, if there was a person in possession under some definite right, not subject to the will of the owner, him who has the title in reversion. The notion that both owner and occupier were intended to be liable, we think altogether untenable.
The motion in each case granted.
O’Neall, Withers, Whitner and Glover, JJ., concurred.

Motion granted.